UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : docket no. 3:19 CR 172 (MPS) |
| | : |
| EVALINDA MONTALVO, | : October 23, 2019 |
|       Defendant. | |

## MOTION TO SEVER

The defendant Evalinda Montalvo has moved pursuant to Rule 14, Fed. R. Crim. P., that her trial be severed from that of defendant Ricardo Reyes. This memorandum is submitted in support.

*Factual and procedural background:* According to discovery provided by the government,[1] Evalinda Montalvo on April 20, 2019, answered Ricardo Reyes' telephone and conveyed messages to someone in the background, probably Ricardo Reyes. The caller asked where she should meet Reyes; the caller wanted three; Reyes was instructed to ask whether she wanted three singles or b's. Reyes asked "Bundles?"

On April 22, 2019, Ms. Montalvo was a passenger in a car that Reyes drove to the Newington Gun Exchange. Norman Klosek was also in the car and he went into the Exchange and purchased two pistols. After a short time, Reyes and Ms. Montalvo walked into the exchange and looked at firearms but did not attempt to purchase any. The three drove to New Britain, where Ms. Montalvo went into an

---

[1] None of the factual statements set forth in this memorandum should be considered admissions by the defendant. It is simpler and more straightforward to discuss the allegations as if they are true than to burden the argument with "allegedlys" and "according-to-the-governments." Whatever statements may be perceived as admissions in this pleading are made for the purposes of the argument and should not be viewed as admissions by the defendant.

apartment while Reyes and Klosek arranged for the transfer of the weapons to a third party. Ms. Reyes left the apartment and again was a passenger as Reyes drove; Klosek was also in the car. Police stopped the vehicle and found 450 grams of heroin in a secret compartment. Reyes admitted to possession the heroin. Police found about a pound of marijuana, which Ms. Montalvo said was hers. Klosek possessed hypodermic needles.

Reyes was arrested; Ms. Montalvo and Klosek were freed. Ms. Montalvo had Reyes' telephone. When Reyes' customers called, she told them that he was not available and she was not sure whether he would be available later that day or the next day. She also informed various persons that Reyes had been arrested and described the circumstances of the arrest.

*Discussion:* Rule 14(a), Fed. R. Crim. P. provides:

> If the joinder of offenses or defendants in an indictment. . . or consolidation for trial appears to prejudice a defendant. . . the court may . . . sever the defendants' trials, or provide any other relief that justice requires.

As the recitation of the events described in the investigative reports might suggest, one part of Ms. Montalvo's defense will be that her activities on Reyes's behalf were de minimis and do not establish that she entered into a conspiracy with him. Such a defense is no reason to sever a trial, and a defendant presenting that defense may be in a strategically more advantageous position if he is lumped together (and contrasted) with defendants who face an overwhelming mass of evidence against them.

The second part of Ms. Montalvo's defense, however, suggests that severing

3

her trial from Reyes' might be advisable.  Whatever Ms. Montalvo did for Reyes, she did under duress.  She was subjected to physical force, the threat of physical force against both her and those she loved, the force of Reyes's reputation, and religious threats (Reyes was a kind of high priest of Santeria, a santeros, whose spiritual force was not to be trifled with.)  While one element of a duress defense may be that the person subjected to the duress report the crime to law enforcement as soon as the duress no longer exists, with battered women, the duress is always present.

If Reyes and Evalinda Montalvo are tried together, the Court may find it necessary to limit the duress evidence that Ms. Montalvo is permitted to present, because of fear of  the prejudicial impact of that evidence on Reyes.  Severing her trial from Reyes' would eliminate that concern.  It is true, of course, that severance is not necessarily warranted "even if the defendants are hostile or attempt to cast the blame on each other. . . . Mere 'fingerpointing' does not require severance." *United States v. Casamento*, 887 F. 2d 1141, 1153-54 (2d Cir. 1989) (citations and internal quotations omitted).  This is not a situation in which different defendants take a different view of evidence presented by the government.  Rather, it is a situation in which one defendant will seek to offer evidence that would not be admitted against a co-defendant if the trials were severed, evidence that  may be prejudicial to the co-defendant.  Severance should be ordered where a joint trial would "compromise a specific trial right of one of the defendants," for example, by allowing the jury to consider prejudicial evidence that would have been inadmissible at a separate trial or would otherwise "prevent the jury from making a

4

reliable judgment about guilt or innocence."*Zafiro v. United States*, 506 U.S. 534, 539 (1993).

*Conclusion:*  For the above-stated reasons, the defendant Evalinda Montalvo respectfully requests that she be tried separately from co-defendant Reyes.

                        Respectfully submitted,

                        s/s

                        JEREMIAH DONOVAN
                        123 Elm Street--Unit 400
                        P.O. Box 554
                        Old Saybrook, CT 06475
                        (860) 388-3750
                        FAX 388-3181
                        Juris no. 305346
                        Fed.bar.no. CT 03536
                        jeremiah_donovan@sbcglobal.net